UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| DAKOTA BURCHARD, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action Number 3:23-CV-455 |
| | ) | District Judge William L. Campbell, Jr. |
| CORECIVIC OF TENNESSEE, LLC, | ) | Magistrate Judge Alistair E. Newbern |
| TROUSDALE COUNTY, TENNESSEE, | ) | Jury Demand |
| LYBRUNCA COCKRELL, CORTNEY | ) | |
| CRAWFORD, MARTIN FRINK, | ) | |
| JERMARIS PORTER, and JANE | ) | |
| WRIGHT, | ) | |
| | ) | |
| Defendants. | ) | |

# ANSWER

Pursuant to Federal Rules of Civil Procedure 8 and 12, Defendants CoreCivic of Tennessee, LLC ("CoreCivic"), Trousdale County, Tennessee ("Trousdale County"), Lybrunca Cockrell ("Cockrell"), Cortney Crawford ("Crawford"), Martin Frink ("Frink"), and Jermaris Porter ("Porter") answer the allegations in the Complaint that was filed by Plaintiff Dakota Burchard ("Burchard") in this matter.

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE
**(Answer to Complaint, Docket Entry 1)**

As to each allegation in the Complaint, Defendants respond as follows:

1. Defendants admit that Burchard was a prisoner of the State of Tennessee and that Burchard previously was incarcerated at the Trousdale Turner Correctional Center ("Trousdale"). Defendants deny the remaining allegations in paragraph 1 of the Complaint and all allegations of wrongdoing.

309365649.1

2. Defendants deny the allegations in paragraph 2 of the Complaint and all allegations of wrongdoing.

3. Defendants deny the allegations in paragraph 3 of the Complaint and all allegations of wrongdoing.

4. Defendants admit that CoreCivic, Inc. previously was known as Corrections Corporation of America. Defendants deny the remaining allegations in paragraph 4 of the Complaint and all allegations of wrongdoing.

5. Defendants deny the allegations in paragraph 5 of the Complaint and all allegations of wrongdoing.

6. Defendants deny the allegations in paragraph 6 of the Complaint and all allegations of wrongdoing.

7. Defendants deny the allegations in paragraph 7 of the Complaint and all allegations of wrongdoing.

8. Defendants deny the allegations in paragraph 8 of the Complaint and all allegations of wrongdoing.

9. Defendants deny the allegations in paragraph 9 of the Complaint and all allegations of wrongdoing.

10. Defendants deny the allegations in paragraph 10 of the Complaint, that Burchard is entitled to the relief that he seeks in the Complaint, and all allegations of wrongdoing.

11. Defendants admit that Burchard was a prisoner of the State of Tennessee, that Burchard previously was incarcerated at Trousdale, and that certain documents identify Burchard as having the first name "Dekota." Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 11 of the Complaint regarding the proper spelling of

Burchard's first name and regarding mail that was directed to Burchard. Defendants deny the remaining allegations in paragraph 11 of the Complaint and all allegations of wrongdoing.

12. Defendants admit that CoreCivic is a Tennessee limited liability company, that CoreCivic is a private company, that CoreCivic maintains its corporate headquarters and principal place of business at 5501 Virginia Way, Suite 110, Brentwood, Tennessee 37027, that CoreCivic may be served through its registered agent, CT Corporation System, 300 Montvue Road, Knoxville, Tennessee 37919, and that CoreCivic, Inc. operates Trousdale. Defendants deny the remaining allegations in paragraph 12 of the Complaint and all allegations of wrongdoing.

13. Defendants admit that Trousdale County is a county government in the State of Tennessee, that Trousdale County entered into a contract with CoreCivic, Inc. regarding the operation of Trousdale, and that Trousdale County was served with process in this matter. Paragraph 13 of the Complaint references a contract between CoreCivic, Inc. and Trousdale County, which speaks for itself. Defendants deny all allegations in paragraph 13 of the Complaint that are inconsistent with the contract. The remaining allegations in paragraph 13 of the Complaint contain legal conclusions to which no response is required.

14. Defendants admit that Frink was a citizen of the State of Tennessee, that Frink served as the warden at Trousdale during the timeframe that is relevant to this lawsuit, and that Frink provided oversight and supervision at Trousdale. Defendants deny the remaining allegations in paragraph 14 of the Complaint and all allegations of wrongdoing.

15. Defendants admit that Porter is a citizen of the State of Tennessee and that Porter was an employee of CoreCivic at Trousdale during the timeframe that is relevant to this lawsuit. Defendants deny the remaining allegations in paragraph 15 of the Complaint.

16. The allegations in paragraph 16 of the Complaint are not directed at Defendants, and no response is required.

17. Defendants admit that Crawford is a citizen of the State of Tennessee and that Crawford was an employee of CoreCivic at Trousdale during the timeframe that is relevant to this lawsuit. Defendants deny the remaining allegations in paragraph 17 of the Complaint.

18. Defendants admit that Cockrell is a citizen of the State of Tennessee and that Cockrell was an employee of CoreCivic at Trousdale during the timeframe that is relevant to this lawsuit. Defendants deny the remaining allegations in paragraph 18 of the Complaint.

19. Defendants admit that the Court has jurisdiction over Burchard's federal law claims pursuant to 28 U.S.C. § 1331.

20. Defendants admit that the Court has supplemental jurisdiction over Burchard's state law claims pursuant to 28 U.S.C. § 1367(a).

21. Defendants admit that venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2). Defendants deny the remaining allegations in paragraph 21 of the Complaint and all allegations of wrongdoing.

22. Defendants admit that CoreCivic, Inc. operates Trousdale, that CoreCivic, Inc. entered into a contract with Trousdale County regarding the operation of Trousdale, that certain contractual requirements are in place with respect to CoreCivic, Inc.'s operation of Trousdale, and that the Tennessee Department of Correction has contract monitors who monitor CoreCivic, Inc.'s operation of Trousdale. Paragraph 22 of the Complaint references a contract between CoreCivic, Inc. and Trousdale County, which speaks for itself. Defendants deny all allegations in paragraph 22 of the Complaint that are inconsistent with the contract. The remaining allegations in paragraph 22 of the Complaint contain legal conclusions to which no response is required.

23. Defendants deny the allegations in paragraph 23 of the Complaint and all allegations of wrongdoing.

309365649.1

24. Defendants deny the allegations in paragraph 24 of the Complaint and all allegations of wrongdoing.

25. Defendants deny the allegations in paragraph 25 of the Complaint and all allegations of wrongdoing.

26. Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 26 of the Complaint regarding claimed interactions between Burchard and other inmates who were incarcerated at Trousdale. Defendants deny the remaining allegations in paragraph 26 of the Complaint and all allegations of wrongdoing.

27. Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 27 of the Complaint. Defendants deny all allegations of wrongdoing.

28. Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 28 of the Complaint. Defendants deny all allegations of wrongdoing.

29. Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 29 of the Complaint regarding claimed actions of an unidentified member of the security team at Trousdale. Defendants deny all allegations of wrongdoing.

30. Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 30 of the Complaint regarding Burchard's ability to leave his cell at Trousdale. Defendants deny all allegations of wrongdoing.

31. Defendants deny the allegations in paragraph 31 of the Complaint and all allegations of wrongdoing.

32. Defendants deny the allegations in paragraph 32 of the Complaint and all allegations of wrongdoing.

33. Defendants deny the allegations in paragraph 33 of the Complaint and all allegations of wrongdoing.

309365649.1

34. Defendants deny the allegations in paragraph 34 of the Complaint and all allegations of wrongdoing.

35. Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 35 of the Complaint regarding claimed interactions between Burchard and other inmates who were incarcerated at Trousdale. Defendants deny the remaining allegations in paragraph 35 of the Complaint and all allegations of wrongdoing.

36. Defendants deny the allegations in paragraph 36 of the Complaint and all allegations of wrongdoing.

37. Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 37 of the Complaint regarding claimed interactions between Burchard and other inmates who were incarcerated at Trousdale. Defendants deny the remaining allegations in paragraph 37 of the Complaint and all allegations of wrongdoing.

38. Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 38 of the Complaint regarding claimed interactions between Burchard and other inmates who were incarcerated at Trousdale. Defendants deny the remaining allegations in paragraph 38 of the Complaint and all allegations of wrongdoing.

39. Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 39 of the Complaint regarding claimed interactions between Burchard and other inmates who were incarcerated at Trousdale. Defendants deny the remaining allegations in paragraph 39 of the Complaint and all allegations of wrongdoing.

40. Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 40 of the Complaint regarding claimed interactions between Burchard and other inmates who were incarcerated at Trousdale. Defendants deny the remaining allegations in paragraph 40 of the Complaint and all allegations of wrongdoing.

309365649.1

41. Defendants deny the allegations in paragraph 41 of the Complaint and all allegations of wrongdoing.

42. Defendants deny the allegations in paragraph 42 of the Complaint and all allegations of wrongdoing.

43. Defendants deny the allegations in paragraph 43 of the Complaint and all allegations of wrongdoing.

44. Defendants deny the allegations in paragraph 44 of the Complaint and all allegations of wrongdoing.

45. Defendants admit that Burchard received medical treatment during his incarceration at Trousdale and that he was transported to Vanderbilt University Medical Center ("Vanderbilt"). Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 45 of the Complaint regarding the medical treatment that Burchard received. Defendants deny the remaining allegations in paragraph 45 of the Complaint and all allegations of wrongdoing.

46. Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 46 of the Complaint regarding the medical treatment that Burchard received. Defendants deny the remaining allegations in paragraph 46 of the Complaint and all allegations of wrongdoing.

47. Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 47 of the Complaint regarding the medical treatment that Burchard received. Defendants deny the remaining allegations in paragraph 47 of the Complaint and all allegations of wrongdoing.

48. Defendants admit that Burchard returned from Vanderbilt to Trousdale.

309365649.1

49. Defendants admit that Burchard spoke with Captain Scottie Hudson on or about May 13, 2022, regarding the claimed events that took place on May 13, 2022. Defendants deny the remaining allegations in paragraph 49 of the Complaint and all allegations of wrongdoing.

50. Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 50 of the Complaint regarding the medical treatment that Burchard received. Defendants deny the remaining allegations in paragraph 50 of the Complaint and all allegations of wrongdoing.

51. Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 51 of the Complaint regarding the medical treatment that Burchard received. Defendants deny the remaining allegations in paragraph 51 of the Complaint and all allegations of wrongdoing.

52. Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 52 of the Complaint regarding the medical treatment that Burchard received. Defendants deny the remaining allegations in paragraph 52 of the Complaint and all allegations of wrongdoing.

53. Paragraph 53 of the Complaint references grievances that Burchard purportedly filed during his incarceration at Trousdale and the responses that Burchard received to those grievances, which speak for themselves. Defendants deny all allegations in paragraph 53 of the Complaint that are inconsistent with the grievances and the grievance responses.

54. Paragraph 54 of the Complaint references grievances that Burchard purportedly filed during his incarceration at Trousdale and the responses that Burchard received to those grievances, which speak for themselves. Defendants deny all allegations in paragraph 54 of the Complaint that are inconsistent with the grievances and the grievance responses.

55. Paragraph 55 of the Complaint references grievances that Burchard purportedly filed during his incarceration at Trousdale and the responses that Burchard received to those grievances, which speak for themselves. Defendants deny all allegations in paragraph 53 of the Complaint that are inconsistent with the grievances and the grievance responses and all allegations of wrongdoing.

56. The allegations in paragraph 56 of the Complaint contain legal conclusions to which no response is required.

57. Defendants deny the allegations in paragraph 57 of the Complaint and all allegations of wrongdoing.

58. Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 58 of the Complaint regarding claimed interactions between Burchard and other inmates who were incarcerated at Trousdale. Defendants deny the remaining allegations in paragraph 58 of the Complaint and all allegations of wrongdoing.

59. Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 59 of the Complaint regarding claimed interactions between Burchard and other inmates who were incarcerated at Trousdale. Defendants deny the remaining allegations in paragraph 59 of the Complaint and all allegations of wrongdoing.

60. Defendants deny the allegations in paragraph 60 of the Complaint and all allegations of wrongdoing.

61. No response is required to the allegations in paragraph 61 of the Complaint.

62. The allegations in paragraph 62 of the Complaint contain legal conclusions to which no response is required. Nevertheless, Defendants deny all allegations of wrongdoing.

63. Defendants deny the allegations in paragraph 63 of the Complaint and all allegations of wrongdoing.

309365649.1

63. Defendants deny the allegations in paragraph 63 of the Complaint and all allegations of wrongdoing.

64. Defendants deny the allegations in paragraph 64 of the Complaint and all allegations of wrongdoing.

65. Defendants deny the allegations in paragraph 65 of the Complaint and all allegations of wrongdoing.

66. Defendants deny the allegations in paragraph 66 of the Complaint and all allegations of wrongdoing.

67. Defendants deny the allegations in paragraph 67 of the Complaint and all allegations of wrongdoing.

68. Defendants deny the allegations in paragraph 68 of the Complaint and all allegations of wrongdoing.

69. Defendants deny the allegations in paragraph 69 of the Complaint and all allegations of wrongdoing.

70. Defendants deny the allegations in paragraph 70 of the Complaint and all allegations of wrongdoing.

71. Defendants deny the allegations in paragraph 71 of the Complaint and all allegations of wrongdoing.

72. Defendants deny the allegations in paragraph 72 of the Complaint and all allegations of wrongdoing.

73. Defendants deny the allegations in paragraph 73 of the Complaint and all allegations of wrongdoing.

74. Defendants deny the allegations in paragraph 74 of the Complaint and all allegations of wrongdoing.

75. Defendants deny the allegations in paragraph 75 of the Complaint and all allegations of wrongdoing.

76. Defendants deny the allegations in paragraph 76 of the Complaint and all allegations of wrongdoing.

77. Defendants deny the allegations in paragraph 77 of the Complaint and all allegations of wrongdoing.

78. No response is required to the allegations in paragraph 78 of the Complaint.

79. Defendants deny the allegations in paragraph 79 of the Complaint and all allegations of wrongdoing.

80. Defendants deny the allegations in paragraph 80 of the Complaint and all allegations of wrongdoing.

81. Defendants deny the allegations in paragraph 81 of the Complaint and all allegations of wrongdoing.

82. Defendants deny the allegations in paragraph 82 of the Complaint and all allegations of wrongdoing.

83. Defendants deny the allegations in paragraph 83 of the Complaint and all allegations of wrongdoing.

84. Defendants deny the allegations in paragraph 84 of the Complaint and all allegations of wrongdoing.

85. Defendants deny the allegations in paragraph 85 of the Complaint and all allegations of wrongdoing.

86. Defendants deny the allegations in paragraph 86 of the Complaint and all allegations of wrongdoing.

87. Defendants deny the allegations in paragraph 87 of the Complaint and all allegations of wrongdoing.

88. No response is required to the allegations in paragraph 88 of the Complaint.

89. The allegations in paragraph 89 of the Complaint contain legal conclusions to which no response is required. Nevertheless, Defendants deny all allegations of wrongdoing.

90. Defendants deny the allegations in paragraph 90 of the Complaint and all allegations of wrongdoing.

91. Defendants deny the allegations in paragraph 91 of the Complaint and all allegations of wrongdoing.

92. Defendants deny the allegations in paragraph 92 of the Complaint and all allegations of wrongdoing.

93. Defendants deny the allegations in paragraph 93 of the Complaint and all allegations of wrongdoing.

94. Defendants deny the allegations in paragraph 94 of the Complaint and all allegations of wrongdoing.

95. Defendants deny the allegations in paragraph 95 of the Complaint and all allegations of wrongdoing.

96. No response is required to the allegations in paragraph 96 of the Complaint.

97. Defendants admit that CoreCivic, Inc. operates Trousdale and that CoreCivic, Inc. entered into a contract with Trousdale County regarding the operation of Trousdale. Paragraph 97 of the Complaint references a contract between CoreCivic, Inc. and Trousdale County, which speaks for itself. Defendants deny all allegations in paragraph 97 of the Complaint that are inconsistent with the contract.

98. Defendants deny the allegations in paragraph 98 of the Complaint and all allegations of wrongdoing.

99. Defendants deny the allegations in paragraph 99 of the Complaint and all allegations of wrongdoing.

100. Defendants deny the allegations in paragraph 100 of the Complaint and all allegations of wrongdoing.

101. Defendants deny the allegations in paragraph 101 of the Complaint and all allegations of wrongdoing.

102. Defendants deny the allegations in paragraph 102 of the Complaint and all allegations of wrongdoing.

103. Defendants deny the allegations in paragraph 103 of the Complaint and all allegations of wrongdoing.

104. Defendants deny the allegations in paragraph 104 of the Complaint and all allegations of wrongdoing.

105. Defendants deny the allegations in paragraph 105 of the Complaint and all allegations of wrongdoing.

106. The allegations in paragraph 106 of the Complaint contain legal conclusions to which no response is required. Nevertheless, Defendants deny all allegations of wrongdoing.

107. Defendants deny the allegations in paragraph 107 of the Complaint and all allegations of wrongdoing.

108. Defendants deny the allegations in paragraph 108 of the Complaint and all allegations of wrongdoing.

109. The allegations in paragraph 109 of the Complaint contain legal conclusions to which no response is required. Nevertheless, Defendants deny all allegations of wrongdoing.

110. The allegations in paragraph 110 of the Complaint contain legal conclusions to which no response is required. Nevertheless, Defendants deny all allegations of wrongdoing.

111. The allegations in paragraph 111 of the Complaint contain legal conclusions to which no response is required. Nevertheless, Defendants deny all allegations of wrongdoing.

112. Defendants deny the allegations in paragraph 112 of the Complaint and all allegations of wrongdoing.

113. Defendants deny the allegations in paragraph 113 of the Complaint and all allegations of wrongdoing.

114. Defendants deny the allegations in paragraph 114 of the Complaint and all allegations of wrongdoing.

115. Defendants deny the allegations in paragraph 115 of the Complaint and all allegations of wrongdoing.

116. Defendants deny the allegations in paragraph 116 of the Complaint and all allegations of wrongdoing.

117. Defendants deny the allegations in paragraph 117 of the Complaint and all allegations of wrongdoing.

118. Defendants deny the allegations in paragraph 118 of the Complaint and all allegations of wrongdoing.

Defendants deny that Burchard is entitled to the relief that she seeks in the Complaint.

All allegations not previously admitted hereby are denied.

### THIRD DEFENSE

To the extent that Burchard was incarcerated on the day on which he filed the Complaint, his claims are barred based upon his failure to exhaust administrative remedies, as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e.

## FOURTH DEFENSE

Burchard's claims against Defendants fail to state a claim upon which relief can be granted because Burchard cannot hold Defendants liable for the alleged violations of others on a *respondeat-superior* theory of liability or on a supervisory liability theory.

## FIFTH DEFENSE

Burchard's claims are barred in whole or in part by the applicable one-year statutes of limitations.

## SIXTH DEFENSE

To the extent that Burchard complains regarding the actions, conduct, or response of medical personnel, those claims fall under the Tennessee Healthcare Liability Act, and Burchard did not properly comply with the requirements of T.C.A. § 29-26-121 and/or T.C.A. § 29-26-122.

## SEVENTH DEFENSE

Burchard's negligence claim is barred in whole or in part by the doctrine of comparative fault, including the fault of the inmates who Burchard contends assaulted him.

## EIGHTH DEFENSE

The actions of the inmates who Burchard contends assaulted him constitute the intervening and superseding cause of any and all injuries to Burchard.

## NINTH DEFENSE

Defendants' liability for punitive damages, if any, is limited by the Due Process Clause of the United States Constitution.

Defendants request that the Court dismiss the Complaint with prejudice and tax costs to Plaintiff.

Defendants demand a jury to try this cause.

Respectfully submitted,

/s/ Erin Palmer Polly
Joseph F. Welborn, III (#15076)
joe.welborn@klgates.com
Erin Palmer Polly (#22221)
erin.polly@klgates.com
Terrence M. McKelvey (#36531)
terrence.mckelvey@klgates.com
K&L Gates LLP
501 Commerce Street, Suite 1500
Nashville, Tennessee 37203
(615) 780-6700
(615) 780-6799

*Defendants CoreCivic of Tennessee, LLC, Trousdale County, Tennessee, Lybrunca Cockrell, Cortney Crawford, Martin Frink, and Jermaris Porter*

## CERTIFICATE OF SERVICE

I certify that a true and exact copy of the foregoing has been served upon Filing Users via the electronic filing system and on other counsel via U. S. Mail, first-class postage prepaid, this August 4, 2023, on the following:

Daniel A. Horwitz
Lindsay Smith
Melissa K. Dix
Horwitz Law, PLLC
4016 Westlawn Drive
Nashville, Tennessee 37209

/s/ Erin Palmer Polly