UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNNESSEE
NASHVILLE DIVISION

| DAKOTA BURCHARD, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) No. 3:23-cv-455 |
| CORECIVIC OF TENNESSEE, LLC, et al., | ) |
| Defendants. | ) |

MEMORANDUM OPINION AND ORDER

The underlying case is a civil rights complaint against defendant prison officials and CoreCivic for negligence and negligent supervision when they allegedly failed to protect plaintiff from being assaulted by other inmates. The parties jointly moved for a protective order to protect the confidentiality of documents obtained during discovery, which this court granted. Doc. No. 22, 27–28. On August 14, 2024, the parties notified the court that they had resolved the case, Doc. No. 43, and filed a joint stipulation of dismissal with prejudice, Doc. No. 45. The action was dismissed with prejudice by this court on August 27, 2024. Doc. No. 46.

Plaintiff now moves to modify the protective order asking that (1) two depositions be made no longer confidential and (2) plaintiff be allowed to share confidential documents to the United States Department of Justice (DOJ), which has begun investigating the prison plaintiff was allegedly assaulted in. Doc. No. 50.

As a preliminary matter, while this case has already been dismissed with prejudice, that does not necessarily prevent plaintiff from moving to modify the protective order. *See Garton v. Crouch*, No. 23-6002, 2024 WL 3569520, at *4 (6th Cir. July 29, 2024) ("We have previously

recognized that protective orders may be modified and revoked by a district court even after a case has been settled and dismissed.").

Nonetheless, plaintiff must still satisfy his burden of proof to show good cause to modify the protective order which is "left to the sound discretion of the district court." *In re Se. Milk Antitrust Litig.*, 666 F. Supp. 2d 908, 914 (E.D. Tenn. 2009); *see Dwyer v. Sw. Airlines Co.*, No. 3:16-cv-03262, 2022 WL 1164227, at *7 (M.D. Tenn. Apr. 19, 2022). In determining whether to modify a protective order, this court "must balance the litigants' privacy interests against the public's right of access, recognizing our judicial system's strong presumption in favor of openness." *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 594 (6th Cir. 2016). Plaintiff has not shown good cause to modify the order in asserting that he wishes to share certain information with the public or the DOJ. Moreover, plaintiff's attached email from the DOJ does not demand any documents in particular and merely asks to meet with plaintiff's counsel to gather further insight into defendants' operations. Doc. No. 60-1, Page ID 2309. This insight can be gleamed while respecting the previously stipulated to confidentiality of the documents. Plaintiff's Motion to Modify the Protective Order (Doc. No. 50) is therefore denied. It is so ordered.

*/s/ Julia S. Gibbons*
JULIA S. GIBBONS
Senior United States Circuit Judge
(sitting by designation)